# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Gary Feinerman | **Sitting Judge if Other than Assigned Judge** | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6594 | **DATE** | December 5, 2012 |
| **CASE TITLE** | Mervyn vs. Nelson Westerberg, Inc. et al | | |

**DOCKET ENTRY TEXT**

Motion hearing on Plaintiff's motion to compel [67] held. Motion hearing on Defendants' motion to compel [95] is held and continued to December 7, 2012, at 1:00 p.m. in courtroom 1019. Plaintiff's motion to compel [67] is granted in part and denied in part. Defendants have until December 21, 2012, to provide Plaintiff with the additional discovery they agreed to provide and ordered herein.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

For the reasons stated in open court, the motion to compel [67] is granted in part and denied in part as summarized below:

a. Interrogatory 10: The motion is denied as moot based on the agreement the parties reached on this particular discovery request.

b. Interrogatory 11: The motion is granted in part. Westerberg Defendants are ordered to either supplement their answer and describe their relationship with Defendant Atlas as it pertains to entering into contractor and lease agreements referenced in the complaint or to produce the relevant agreements detailing their relationship. If the responsive agreement is the same agreement Defendant Atlas has already produced to Plaintiff, Westerberg Defendants must still confirm in writing that the same agreement is the only agreement responsive to this order.

c. Interrogatory 13: The motion is denied.

d. Request to Produce 1: The motion is denied as moot. Westerberg Defendants agreed to supplement their answer and to clarify whether they withheld any documents based on any objections.

e. Requests to Produce 4 and 9: The motion is granted in part. Defendants are ordered to review the records for the drivers and shipments already identified in response to the court's order of September 28, 2012, (R. 87), and to describe or produce the following pertaining to the subject of incorrect line-haul amounts: (1) drivers' written complaints with any governmental agencies; (2) drivers' written requests for arbitration or other forms of alternative dispute resolution; and (3) drivers' written complaints (including emails) directed at Defendants. In order to narrow the scope of the search for the last category of information, Plaintiff is ordered to provide, by December 14, 2012, a set of key words to be used by Defendants to search their stored emails. Defendants may

## STATEMENT

file a motion to modify this order by December 21, 2012, if the number of email "hits" is excessive. The court expects the parties to discuss ways to reduce the number of "hits" by modifying and/or adding additional search terms prior to the filing of a motion to modify this order.

f. Requests to Produce 5, 6, 7, 10, 14-16 and 19: The motion is denied.

g. Request to Produce 8: The motion is denied as moot based on the agreement the parties reached on Interrogatory #10.

h. Request to Produce 11: The motion was withdrawn in open court.