UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS MERVYN, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) 11 C 6594 ) ) Judge Feinerman |
| vs. | ) ) |
| NELSON WESTERBERG, INC., NEWESCO, INC., NELSON WESTERBERG INTERNATIONAL, and ATLAS VAN LINES, INC., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Thomas Mervyn brought this putative class action against Nelson Westerberg, Inc., Newesco, Inc., Nelson Westerberg International (collectively, "the Westerberg Defendants"), Atlas Van Lines, Inc., and three individuals. The complaint alleges common law claims for breach of contract and unjust enrichment, and statutory claims for various violations of 49 C.F.R. § 376.12, a provision of the Truth-in-Leasing regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA") to implement the Motor Carrier Act of 1980, Pub. L. No. 96-296, 94 Stat. 793 (codified as amended in scattered sections of 49 U.S.C.). Doc. 1. Mervyn voluntarily dismissed the individual defendants. Doc. 27. The Westerberg Defendants and Atlas have separately moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Docs. 21, 24. The motions are granted in part and denied in part.

**Background**

On a Rule 12(b)(6) motion, the court assumes the truth of the complaint's well-pleaded factual allegations but not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th

Cir. 2012); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). The court must construe those facts in the light most favorable to Mervyn, the party opposing dismissal. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Mervyn's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The following facts are set forth as favorably to Mervyn as permitted by the complaint and the other materials that must be considered on a Rule 12(b)(6) motion.

Mervyn is an owner-operator of a moving truck and van. Doc. 1 at ¶ 3. He entered into a lease agreement with Nelson Westerberg (now known as Newesco) for the use of his equipment. *Id*. at ¶¶ 3-4; *id*. at pp. 16-32 (the agreement between Nelson Westerberg and Mervyn). Nelson Westerberg International is a subsidiary of Newesco. *Id*. at ¶ 5. Nelson Westerberg acts as an agent for Atlas, a motor carrier that holds a certificate of authority issued by the FMCSA. *Id*. at ¶¶ 4, 6; *id*. at pp. 34-35 (the agreement between Nelson Westerberg and Atlas). Atlas is owned by Nelson Westerberg and Atlas's other agents. *Id*. at ¶ 6. Two of Nelson Westerberg's officers have been members of Atlas's board of directors and one has served on Atlas's executive committee. *Id*. at ¶¶ 7, 9.

Mervyn's compensation under its lease agreement with Nelson Westerberg is based on a fixed percentage of the gross revenue paid by the shipper to Nelson Westerberg in its capacity as Atlas's agent. *Id*. at ¶ 24. Mervyn asked Nelson Westerberg for copies of the rated freight bills or their equivalent for the shipments he carried. *Id*. at ¶¶ 25-26. Nelson Westerberg did not comply with Mervyn's request, which deprived Mervyn of the ability to verify the gross revenue

paid by the shippers. *Id*. at ¶¶ 26-31. Moreover, Nelson Westerberg understated those gross revenues in calculating the amounts owed to Mervyn, which resulted in an underpayment to him. *Id*. at ¶ 32. Nelson Westerberg also has unlawfully retained escrow funds due Mervyn, has unlawfully required him to purchase packaging material when his trips were within 100 miles of Nelson Westerberg's warehouse, and has unlawfully required him to purchase insurance from or through Nelson Westerberg. *Id*. at ¶¶ 33-37.

An exhibit attached to Atlas's reply brief purports to show that Nelson Westerberg made rated freight bills available to Mervyn for inspection. Doc. 34 at 2; Doc. 34-1 at 2-3. That exhibit will not be considered at this juncture. As noted above, a Rule 12(b)(6) motion "can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," as well as on additional facts set forth by the non-movant, Mervyn. *Geinosky*, 675 F.3d at 745 n.1. Atlas and the Westerberg Defendants are the non-movants here; if they wish the court to consider the rated freight bills or other materials that may not be considered on a Rule 12(b)(6) motion, they must file a summary judgment motion under Rule 56. *See ibid*.

**Discussion**

The complaint sets forth seven counts. Count I alleges that Defendants failed to provide a rated freight bill or equivalent document before or at the time of settlement, in violation of 49 C.F.R. § 376.12(g); Count II alleges that Defendants failed to provide a rated freight bill on request, in violation of § 376.12(g); Count III alleges that Defendants unlawfully reduced Mervyn's compensation, in violation of §§ 376.12(d) & (g); Count IV alleges that Defendants unlawfully retained escrow funds, in violation of § 376.12(k); Count V alleges that Atlas violated its duty to ensure proper compensation to Mervyn, in violation of § 376.12(m); Count

VI alleges that Atlas breached its agreement with Nelson Westerberg, of which Mervyn is a third-party beneficiary; and Count VII alleges unjust enrichment. Doc. 1 at ¶¶ 38-54.

The Westerberg Defendants seek dismissal of Counts I-IV. They correctly note that 49 U.S.C. § 14704(a)(2), which provides a private right of action to enforce 49 C.F.R. § 376.12, permits suit only against a "carrier or broker"; the statute does not mention agents. 49 U.S.C. § 14704(a)(2) ("[a] carrier or broker … is liable for damages"); *see Owner-Operator Indep. Drivers Ass'n, Inc. v. Mayflower Transit, LLC*, 615 F.3d 790, 792 (7th Cir. 2010). The Westerberg Defendants proceed to argue that Nelson Westerberg is only an agent of Atlas, the carrier, and not a carrier or broker itself. But the complaint alleges that Atlas is owned by its agents, including Nelson Westerberg, and that Nelson Westerberg officers serve on Atlas's board of directors and executive committee. This renders plausible, at least at the pleadings stage, Mervyn's submission that Nelson Westerberg played the dual role of agent and carrier, making it a proper defendant here. *Cf. Howard Johnson Co. v. Detroit Local Joint Exec. Bd.*, 417 U.S. 249, 259 n.5 (1974) (noting that courts may disregard "a mere technical change in the structure or identity of the employing entity, [which is] frequently [undertaken] to avoid the effect of the labor laws, without any substantial change in its ownership or management").

This conclusion finds support in the Westerberg Defendants' own acknowledgment that "a party's role in any given transportation arrangement is determined by the conduct they engaged in, *not the registrations or authorities they might hold*." Doc. 33 at 3. Under this principle, the formal designation of Atlas as the carrier and Nelson Westerberg as the agent is not dispositive of whether Nelson Westerberg qualifies along with Atlas as a "carrier" for purposes of 49 U.S.C. § 14704(a)(2). If Nelson Westerberg controlled Atlas by virtue of its partial ownership of Atlas and the presence of Nelson Westerberg officers on Atlas's board and

-4-

executive committee, then Nelson Westerberg's "conduct" (Nelson Westerberg's word) may make it a carrier. This is not necessarily a likely or an inevitable conclusion, but it is a plausible one, which suffices at this stage of the proceedings.

The Westerberg Defendants next argue that the complaint fails to allege the "damages" necessary to state a claim under § 14704(a). The argument is without merit. As noted above, the complaint alleges that the Westerberg Defendants and Atlas underpaid Mervyn and failed to provide him with documentation that would have confirmed the underpayments. That is sufficient to plead damages under § 14704(a). *See Nelson v. Signor Trucking, Inc.*, 2010 WL 3307288 (D. Neb. Aug. 19, 2010) (holding that the owner-operator stated a viable claim where the complaint alleged that "[d]efendants made improper deductions from her weekly compensation, causing her significant economic harm, and then failed to disclose documents verifying the validity of these deductions").

Atlas does not assert an independent substantive challenge to Counts I-VI. Instead, it argues that if Counts I-IV are dismissed as to the Westerberg Defendants, those counts also should be dismissed as to Atlas, as should Counts V-VI, which are brought only against Atlas. Because Counts I-IV survive as to the Westerberg Defendants, Atlas's argument is rejected.

Count VII is an unjust enrichment claim against all defendants. In seeking dismissal of that claim, the Westerberg Defendants note that Mervyn and Nelson Westerberg are parties to a written contract governed by Texas law, which holds that an unjust enrichment claim fails when an express agreement governs the parties' relationship. Dismissal of the unjust enrichment claim is not appropriate at the pleadings stage. Rule 8(d)(2) provides that a complaint may state claims in the alternative: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes

alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Accordingly, Mervyn is entitled in his complaint to plead unjust enrichment as an alternative claim to breach of contract, even if those two claims are inconsistent. *See Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001) (a plaintiff "is entitled to plead in the alternative, even if the pleadings are inconsistent"); *Lass v. Bank of Am., N.A.*, 695 F.3d 129, 140 (1st Cir. 2012) ("Although the [defendant] is correct that damages for breach of contract and unjust enrichment are mutually exclusive, it is accepted practice to pursue both theories at the pleading stage.") (citations omitted); *Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.*, 690 F.3d 1216, 1227-28 (11th Cir. 2012) (same); *RehabCare Grp., E., Inc. v. Camelot Terrace, Inc.*, 2012 WL 1246560, at *5 (N.D. Ill. Apr. 13, 2012) ("Defendants maintain that the equitable remedies of unjust enrichment and promissory estoppel are not available because there is an adequate remedy of law based on [the plaintiff's] breach of contract claim. Defendants' argument is unavailing because under the federal notice pleading standards, which federal courts apply in all federal civil litigation, a party may plead in the alternative although the pleadings may be inconsistent.") (internal citations omitted). At some point, the unjust enrichment claim may have to yield to the contract claim, or vice versa, but the case is not yet at that point.

The last area of dispute concerns remedies. The complaint seeks, in addition to damages, an injunction, a constructive trust, restitution, and disgorgement of profits. Doc. 1 at p. 13. The Westerberg Defendants argue that disgorgement, restitution, and a constructive trust are not available remedies under 49 U.S.C. § 14704(a). The Seventh Circuit does not appear to have addressed the matter, while other circuits have split.

Mervyn cites *In re Arctic Express Inc.*, 636 F.3d 781 (6th Cir. 2011), which holds that restitution is available under § 14704(a). Relying upon legislative history and the common law

of trusts, the Sixth Circuit interpreted 49 C.F.R. § 376.12(k) to implicitly create a statutory trust: "a fiduciary relationship exists between the carrier and the owner-operators, effectively placing the motor carrier in the same position as the trustee of an express trust." *Id*. at 796 ("Section 376.12(k), with its remedial purpose, parallels the trust provisions of the [Packyards and Stockyards Act] and the [Perishable Agricultural Commodities Act] in its goal of protecting the interests of an important segment of national commerce—in this case, the livelihood of independent truck drivers."). This fiduciary relationship, the Sixth Circuit concluded, "pav[es] the way for plaintiff's action for restitutionary relief." *Id*. at 797.

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622 F.3d 1307 (11th Cir. 2010), which came to the opposite conclusion. The Eleventh Circuit focused on the text of § 14704(a)(1), which provides that "[a] person may bring a civil action for injunctive relief for violations of sections 14102 and 14103." Noting that Congress "specifically provided for 'injunctive relief'" and that "[i]njunctive relief constitutes a distinct type of equitable relief [and] it is not an umbrella term that encompasses restitution or disgorgement," the Eleventh Circuit concluded that "restitution and disgorgement are unavailable" in actions authorized by § 14704(a)(1). *Landstar Sys.*, 622 F.3d at 1324. The Ninth Circuit is in accord. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., Inc.*, 632 F.3d 1111, 1121 (9th Cir. 2011); *accord*, *Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 869-70 (8th Cir. 2011) (Colloton, J., concurring).

The Eleventh and Ninth Circuits' view is more persuasive than the Sixth Circuit's. When interpreting a statute, the court first must look to the statutory text. *See United States v. Costello*, 666 F.3d 1040, 1043 (7th Cir. 2012) ("the words used, even in their literal sense, are the primary, and ordinarily the most reliable, source of interpreting the meaning of any writing: be it a statute,

a contract, or anything else"). "Injunctive relief" does not mean "restitution," "disgorgement," or "imposition of a constructive trust." *See Landstar Sys.*, 622 F.3d at 1324 ("Injunctive relief constitutes a distinct type of equitable relief; it is not an umbrella term that encompasses restitution or disgorgement."); *cf. Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2560 (2011) ("[Rule 23(b)(2)] does not speak of 'equitable' remedies generally but of injunctions and declaratory judgments … [and] backpay is neither."). Had it wished, Congress could have made available the broad panoply of equitable remedies to a § 14704(a)(1) plaintiff; it has done so in other statutes. *See, e.g.*, 5 U.S.C. § 552b(h)(1) ("[t]he court … may grant such equitable relief as it deems appropriate, *including* granting an injunction") (emphasis added); 5 U.S.C. § 8477(e)(3)-(e)(3)(A), (e)(3)(A)(iii)-(iv) ("[a] civil action may be brought in the district courts … *to enjoin* any act or practice which violates any provision of subsection (b) or (c) … *[or] to obtain any other appropriate equitable relief*") (emphasis added); 7 U.S.C. § 9(11)(B)(i) ("[a] person … may obtain a review of the order or *such other equitable relief as determined to be appropriate*") (emphasis added). The fact that Congress did not do so in § 14704(a)(1) means that injunctive relief is the only equitable remedy permitted by the statute.

It follows that Mervyn's request for non-injunctive equitable relief for his statutory claims must be dismissed. Mervyn may continue to seek disgorgement, restitution, and a constructive trust as equitable relief in conjunction with his unjust enrichment claim.

**Conclusion**

The motions to dismiss are denied in part and granted in part. The complaint is dismissed to the extent it seeks the remedies of disgorgement, restitution, and a constructive trust for the statutory claims in Counts I-V. The complaint otherwise survives.

December 17, 2012

_____
United States District Judge