IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thomas Mervyn, Individually and on behalf of all others similarly situated, | ) ) ) | Case No. 11 cv 6594 |
| Plaintiff, | ) ) ) | Judge: Gary E. Feinerman |
| v. | ) ) | Magistrate Judge: Young B. Kim |
| Nelson Westerberg, Inc., Newesco, Inc., Nelson Westerberg International, Inc., and Atlas Van Lines, Inc., | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO RECONSIDER SUMMARY JUDGMENT OR TO FILE REVISED SUMMARY JUDGMENT MOTION

On December 16, 2014, this Court issued its Memorandum Opinion (Docket No. 261), denying Defendants' Motion for Summary Judgment (Docket Nos. 135-137 – filed on June 4, 2013). For the most part, the Court did not rule on the merits, but rather denied the motion because of what it viewed as a procedural failure to comply with L.R. 56.1.[1] At a January 20, 2015 status appearance, Defendants orally requested leave to file a revised summary judgment motion that met the standards stated by the Court's Opinion. When the Court issued its Minute Entry following that appearance (Docket No. 269), it required Defendants to file a formal motion making that request. This is that motion; however, upon further consideration, Defendants also ask that this Court reconsider its original L.R. 56.1 ruling, and reach the *merits* of the already fully-briefed motion (and the related fully briefed motions to strike Plaintiff's expert report and to strike Plaintiff's L.R. 56.1 Response) on which *both* parties invested much time, effort, and expense.

---

[1] While Defendants disagree with the Court's rulings on the substantive parts that it did decide, they do not in this motion seek reconsideration of those substantive rulings.

*I. Motion to Reconsider*

Defendants believe that they complied in full with both the letter and the spirit of L.R. 56.1. Notably, neither the Court nor the Plaintiff have suggested that Defendants' L.R. 56.1 Statement itself is not compliant with the Rule; rather, the Court made its ruling on the ground that Defendants' *briefs* cited the "raw record." The Court's Memorandum Opinion cites a number of cases which use the phrase "raw record", several of them being earlier opinions by this Court, but those opinions do not describe what the offending party actually did (*e.g.,* cite exhibits to the L.R. 56.1 Statement, cite something attached to the brief but not in the L.R. 56.1 Statement, or cite something filed earlier in the case).[2]

The Memorandum Opinion cited one Seventh Circuit case, *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005), which is one of many cases in which that court has held that the district court is entitled to strict compliance with L.R. 56.1. But in *Cichon,* and in virtually every case it cites (and virtually every case stating this principal since then), the court's language about this was in the context of a party who had not filed a L.R. 56.1 Statement *at all*, or filed one that was seriously deficient. All of these cases consider the L.R. 56.1 Statement itself, not the party's briefs, which formed the basis of this Court's summary judgment denial. In no case that we can find has the Seventh Circuit considered "strict compliance" with L.R. 56.1 in connection with the record citations in a party's memoranda, as distinct from the L.R. 56.1 Statement itself.

---

[2] At the January 20, 2015 status appearance, the Court mentioned that "raw record" can only mean deposition transcripts, affidavits, and the like. But the "record" of a case includes the entire docket and everything filed by any party as well as discovery produced by all sides, which can be (as it is in the present case) quite large. By contrast, the Exhibits to a L.R. 56.1 Statement represent a much smaller subset of the record, a defined set of documents that are specifically called to the Court's attention by tabbed exhibit number and sub-cites to particular paragraphs and pages as pertinent to the particular issues addressed.

This is consistent with the fact that L.R. 56.1 says *nothing* about supporting memoranda. There is no indication that the Rule was ever intended to apply to supporting memoranda; if it were so intended, the drafters could have said so. In *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398-399 (7th Cir. 2012), the Court noted (underline emphasis added):

> The purpose of the local rule is to make the summary judgment process less burdensome on district courts, by requiring parties to <u>nail down the relevant facts</u> and the way they propose to support them.
>
> * * *
>
> The local rules "were not intended to provide a maze of technical traps to complicate and delay litigation without advancing the merits." *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011).
>
> * * *
>
> [W]e think that the district court went too far when it refused to consider Sojka's facts when they were explicitly brought to its attention.
>
> * * *
>
> In *Harney*, we held only that "it is not the duty of the court to scour the *record . . .*" [emphasis in original]. . . . Sojka did not make the district court scour the record; he followed Rule 56.1 and the <u>principle</u> in *Harney* and brought to the district court's attention the evidence in the record supporting his [position].

Defendants' briefs did precisely what *Sojka* requires. Defendants' briefs, and Plaintiff's too, cited specific Exhibits with sub-citations to paragraph numbers of exhibits and page numbers of depositions. The Exhibits were all part of the L.R. 56.1 Statements and expressly incorporated by reference. Defendants' briefs *did* "nail down" what Defendants asserted were the relevant facts. The Court was not required to "scour" the record; every single fact was readily available in one bound volume (or two, when Plaintiff's L.R. 56.1 Response is included). The citations in the memoranda were solely to documents in the bound volumes of the L.R. 56.1 Statements themselves.

The summary judgment record presented to the Court in this case did not pose the kind of undue burden on the Court that L.R. 56.1 is designed to prevent. Each fact cited in both sides' memoranda is referenced in the L.R. 56.1 Statements – and the Court could therefore see which facts were contested and which were not, as well as each party's reasoning for its position on those facts. Moreover, at some point the Court would be required to refer to the "raw record" to determine whether there is a *genuine* issue of material fact on an issue. The L.R. 56.1 Statement and Response are simply insufficient for the Court to determine whether, for example, Mary Beth Johnson's testimony was what Defendant said it was, what Plaintiff said it was, or that both sides were incorrect about that testimony. The Court would need to read the cited pages of her deposition to determine that issue, not just look at each party's characterization of that testimony in the numbered paragraphs of the L.R. 56.1 Statement. Similarly, the Court would have to look at, for example, the RTDS screens to see if they truly showed what Defendants assert they did, or rather whether Plaintiff's characterization of them is correct. The numbered paragraphs can only be a starting point of summary judgment determination. Defendants know summary judgments are not won by making it hard for the Court to find the pertinent facts – and so the briefs cited to the exact tabbed Exhibit numbers, affidavit paragraphs, and deposition pages so the facts at issue could be readily located for each argued point.

Not only did Plaintiff not raise this issue at any time, but as this Court itself noted, Plaintiff too cited the "raw record" on at least some occasions; Plaintiff's counsel did not know of this interpretation either.[3]

---

[3] It is not as if Plaintiff's counsel did not make the effort to look into this Court's summary judgment procedural rulings. Plaintiff filed a successful Motion to Strike Defendants' L.R. 56.1 Reply (Docket No. 212), yet never asserted that there was any procedural infirmity in the way that Defendants cited the record in their summary judgment briefs.

*Sojka* cites *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) for the "maze of technical traps" proposition quoted earlier, but the preceding sentence of *Stevo* is also on point:

> Local rules, like the Federal Rules of Civil Procedure that they supplement, should be construed to provide for the "just, speedy, and inexpensive determination of every action" on the merits. Fed.R.Civ.P. 1.

*Id.* Here, the parties have incurred very substantial effort and expense on the summary judgment motions over a period of approximately a year and a half.

The parties had a fully briefed summary judgment motion on an extensive record, a fully briefed motion to strike an expert report, and a fully briefed motion to strike Plaintiff's L.R. 56.1 Statement. Both sides invested a lot of thoughtful legal work, in what they believed to be good faith compliance with L.R. 56.1, on issues that this Court will *still* have to decide. The Court's current summary judgment ruling will not result in a "just, speedy, and inexpensive determination" of the merits.

Therefore, while Defendants alternatively request (for reasons stated below) leave to re-file the Motion for Summary Judgment in a format in which the briefs cite numbered paragraphs of the parties' L.R. 56.1 Statements, they respectfully believe that the Court itself, as well as the parties, are best served by a ruling based on the documents that the parties have already filed.

II. *Motion to File Revised Motion for Summary Judgment*

As stated above, the substantive issues raised by the summary judgment motion are yet to be resolved. For example, the Court will eventually have to decide – at a minimum at the jury instruction stage – the legal question of whether 100% of fuel surcharge means what Defendants claim (the amount billed to the Atlas customer) or what Plaintiff claims (the hypothetical amount that could have been billed to the customer under the government regulations if there were no customer contracts). The Court will have to decide whether to submit to the jury the question of

whether Mervyn (or anyone else) was "required" to buy insurance from the Defendants in supposed violation of 49 C.F.R. §376.12(i), where the contract says that the owner-operator "may" (not "must" or "shall") obtain insurance through the Carrier's program, and where the Seventh Circuit has affirmed summary judgment for a carrier on precisely this issue (*see OOIDA v. Mayflower Transit, LLC*, 615 F.3d 790, 794 (7th Cir. 2010), stating: "A chargeback for the cost of insurance is not a sale of insurance" and thus not a violation of the regulation).

Deciding these issues now, on the merits, is in the interests of both parties as well as the interests of justice. The issue of class certification, now proceeding, will be impacted by whether issues such as these properly remain in the case. Obviously, if the Court rules that Mr. Mervyn's individual claim – which is the subject of the Motion for Summary Judgment – is improper in its entirety, it has the potential to moot the need for the parties and the Court to make the final evaluation of whether class certification is appropriate. *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995).

But even if the Court grants only part of the Motion, that will take that issue out of play in consideration – and discovery – of the class certification issue, saving everyone time and expense on a no-longer-relevant issue, and eliminating consideration of that issue as it pertains to the Rule 23 certification factors. And even a complete denial, on the merits, will advance the case further, as to issues of class certification, trial preparation, and the possibility of reviving settlement discussions. As it stands now, both sides believe strongly in the merits of their positions, and have no limited guidance from the Court about its views on those issues. Further proceedings have the potential to be considerably streamlined if the Court will reach the summary judgment issues on the merits.

Defendants, therefore, propose to re-file the summary judgment and accompanying documents in line with the Court's interpretation of L.R. 56.1. It is possible to simply re-do all of the Memoranda and substitute SOF Paragraph citations for Exhibit citations, but that raises additional questions – questions for which the parties would benefit from knowing the Court's preferences in advance. For example, both sides cite individual sections of the Lease, but neither side included individual SOF paragraphs quoting each and every provision that they cite. Should there be a separate L.R. 56.1 numbered paragraph for each subsection of the Lease that is referenced in a brief, or is it sufficient to simply cite the Lease as a whole in a numbered paragraph? And how does L.R. 56.1(b)(3)(C) play out: if non-movant cites "additional facts" under that subheading, and movant files a reply to those additional facts as set out in the last paragraph of L.R. 56.1(a), does it also get to add its own "additional facts"? If it does, does non-movant get to add more additional facts to those additional facts, and so on?

Defendants propose to hopefully streamline the process by filing a new motion for summary judgment, L.R. 56.1 Statement, and Memorandum that combines the facts from the previous filings into one set of documents (recall that Defendants filed a Supplemental Motion for Summary Judgment – with a separate L.R. 56.1 Statement, which would now be consolidated into one document). With the Court's view in mind, the memoranda of both parties would cite only to numbered paragraphs.

No new factual or legal issues would be raised. The previous documents would merely be re-packaged in a more efficient package that includes briefs citing to numbered paragraphs. There would be additional effort, but neither party would be reinventing the wheel. The effort and expense already incurred by the parties would be put to use in a way that still enables a ruling on the very significant merits issues.

WHEREFORE, Defendants respectfully request that this Court reconsider its denial of summary judgment or, alternatively, grant Defendants leave to file a revised Motion for Summary Judgment.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        /s/ David H. Levitt
        David H. Levitt

David H. Levitt
Steven M. Puiszis
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dlevitt@hinshawlaw.com
spuiszis@hinshawlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that, on **January 30, 2015**, I electronically filed the above and foregoing **DEFENDANTS' MOTION TO RECONSIDER SUMMARY JUDGMENT OR TO FILE REVISED SUMMARY JUDGMENT MOTION** through the Court's ECM/CF system which will cause electronic notification of this filing and copies of all documents referenced herein to be sent to all counsel of record.

                                                    s/ David H. Levitt
                                                    One of Defendants' Attorneys