UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS MERVYN, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | 11 C 6594 |
| Plaintiff, | ) ) | Judge Feinerman |
| vs. | ) ) | |
| NELSON WESTERBERG, INC., NEWESCO, INC., NELSON WESTERBERG INTERNATIONAL, and ATLAS VAN LINES, INC., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this putative class action against Nelson Westerberg, Inc., Newesco, Inc., Nelson Westerberg International (collectively "Newesco"), and Atlas Van Lines, Inc., Thomas Mervyn alleges violations of 49 C.F.R. § 376.12, a provision of the Truth-in-Leasing regulations promulgated by the Federal Motor Carrier Safety Administration to implement the Motor Carrier Act of 1980, Pub. L. No. 96-296, 94 Stat. 793 (codified as amended in scattered sections of 49 U.S.C.), as well as common law unjust enrichment. Docs. 1, 27. The court denied Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), except insofar as the complaint sought the remedies of disgorgement, restitution, or constructive trust for the § 376.12 claims. Docs. 108-09 (reported at 2012 WL 6568338 (N.D. Ill. Dec. 17, 2012)).

Defendants moved for summary judgment, Doc. 135, the court granted Mervyn's request for additional discovery under Rule 56(d), Doc. 156, and Defendants supplemented and renewed their summary judgment motion, Doc. 168. The court then denied the renewed summary judgment motion. Docs. 232, 261 (reported at 76 F. Supp. 3d 715 (N.D. Ill. 2014)). In so doing, the court addressed certain issues—whether § 376.12 governs only the content of the parties'

1

lease or whether it also requires compliance therewith, and whether the unjust enrichment claim could proceed given the existence of a written agreement—on the merits. With respect to whether Defendants actually breached the lease—which, unlike the other issues, required a relatively deep dive into the record—the court denied summary judgment on the ground that Defendants had violated Local Rule 56.1 by filing briefs that cited directly to the record materials attached to the parties' Local Rule 56.1 statements and responses rather than to the statements and responses themselves.

Defendants have asked the court to reconsider its Local Rule 56.1 ruling. Doc. 277. They argue that Local Rule 56.1 does not require parties to cite the Local Rule 56.1 statements and responses themselves or, put another way, does not prohibit parties from directly citing the record materials cited by and attached to those statements and responses. Defendants correctly observe that Local Rule 56.1 does not *expressly* impose that requirement. But in applying Local Rule 56.1 over the past fifteen years, decisions from this District have consistently articulated that requirement. *See*, *e.g.*, *FirstMerit Bank, N.A. v. 2200 North Ashland, LLC*, 2014 WL 6065817, at *4 (N.D. Ill. Nov. 13, 2014) ("Courts in this district … repeatedly have held that, in memoranda of law filed in support of, or in opposition to, motions for summary judgment, parties should cite to the specific Local Rule 56.1 statement or statements of fact in support of their arguments, not to the record directly."); *Thorncreek Apartments III, LLC v. Vill. of Park Forest*, 970 F. Supp. 2d 828, 838-39 (N.D. Ill. 2013) (same); *Allied Bldg. Prods. Corp. v. Pinsler*, 2013 WL 2384268, at *2 (N.D. Ill. May 23, 2013) ("To streamline the summary judgment process, Allied should have cited its Local Rule 56.1(a)(3) statement in its supporting memorandum, rather than citing directly to the record."); *Ricks v. U.S. Alliance Fire Protection, Inc.*, 2013 WL 1397707, at *1 (N.D. Ill. Apr. 5, 2013) ("Not only must Plaintiff file a separate

Rule 56.1 Statement along with his supporting legal memorandum, his legal memorandum must cite to the Rule 56.1 Statement and not directly to the evidence in the record."); *Morningwear, Inc. v. Hearthware Home Prods. Inc.*, 2012 WL 3721350, at *3 (N.D. Ill. Aug. 27, 2012) ("The parties also failed to cite to the Rule 56.1 Statements of Fact in their respective memoranda of law, and instead cited to the record directly. In memoranda of law in support of, or in opposition to, summary judgment, parties should cite to the specific statement(s) of fact in support of the argument, not to the record directly."); *Jacobeit v. Rich Twp. High Sch. Dist. 227*, 2012 WL 1044509, at *2 (N.D. Ill. Mar. 30, 2011) (same); *Loop Paper Recycling, Inc. v. JC Horizon Ltd.*, 2011 WL 3704954, at *5 n.8 (N.D. Ill. Aug. 17, 2011) (same); *LaSalvia v. City of Evanston*, 806 F. Supp. 2d 1043, 1046 (N.D. Ill. 2011) ("The Court also disregards any citations to the record in the parties' legal memoranda that do not reference their Local Rule 56.1 Statements of Fact."); *BI3, Inc. v. Hamor*, 2011 WL 1231156, at *2 (N.D. Ill. Mar. 30, 2011) (same); *Int'l Tax Advisors, Inc. v. Tax Law Assocs., LLC*, 2011 WL 612093, at *3 (N.D. Ill. Feb. 15, 2011) ("Plaintiffs' motion does lay out the elements of a copyright infringement claim, but it does not cite to specific paragraphs of the statement of facts that demonstrate there is no triable issue of fact as to this claim. Instead, Plaintiffs improperly cite directly to evidentiary exhibits."); *Byrd-Tolson v. Supervalu, Inc.*, 500 F. Supp. 2d 962, 966 (N.D. Ill. 2007) ("[F]acts are properly presented through the framework of the Rule 56.1 statements, and not through citation in the briefs to raw record material …."); *Daoust v. Abbott Labs.*, 2006 WL 2711844, at *4 (N.D. Ill. Sept. 19, 2006) (same); *Alvi v. Metro. Water Reclamation Dist. of Greater Chi.*, 2006 WL 1762032, at *2 (N.D. Ill. June 23, 2006) ("Mr. Alvi's response memorandum is written without ever referencing the Rule 56.1 factual filings, and instead improperly cites to raw discovery record material. This citation practice is materially improper."); *Madaffari v. Metrocall Cos.*

*Grp. Policy GL*, 2005 WL 1458071, at *1 (N.D. Ill. June 15, 2005) ("[W]hen citing to the record in their legal memoranda, parties are required to cite to the numbered paragraphs of their Local Rule 56.1 statements and not to the underlying parts of the record."); *Solaia Tech. LLC v. ArvinMeritor, LLC*, 361 F. Supp. 2d 797, 826 (N.D. Ill. 2005) ("Often times in the briefing, the parties commit violations of Local Rule 56.1 by citing directly to the record materials instead of the L.R. 56.1 statements of material fact, as they should."); *Ciesielski v. Hooters of Am., Inc.*, 2004 WL 1699020, at *1 (N.D. Ill. July 28, 2004) ("In their summary judgment briefs, both parties cited directly to the record rather than to their Rule 56.1 statements. This blatant violation of the Local Rules is improper."); *Interlease Aviation Investors II (ALOHA) L.L.C. v. Vanguard Airlines, Inc.*, 2004 WL 1149397, at *15 (N.D. Ill. May 20, 2004) ("[T]o support their assertion that 'Vanguard did not seriously consider bankruptcy until late February 2001,' Plaintiffs improperly cite directly to the record rather than to a Rule 56.1 statement of fact. This is improper under the Local Rules."); *Denari v. Genesis Ins. Co.*, 2003 WL 22964371, at *1 n.3 (N.D. Ill. Dec. 15, 2003) ("The Court further notes that in his memorandum of law, Denari cites directly to the record rather than to his Rule 56.1 statement. This is improper.") (citation omitted); *Buxton v. Equifax Credit Info. Servs., Inc.*, 2003 WL 22844245, at *1 n.1 (N.D. Ill. Dec. 1, 2003) ("[D]efendant's counsel, in their memorandum in support of summary judgment, cite directly to the record, as opposed to their 56.1(a) statement of facts. … The memorandum should contain citations *only* to the 56.1 statement of facts, which in turn cites to the relevant and material portions of the record attached to the statement."); *Pease v. Production Workers Union of Chi.*, 2003 WL 22669039, at *9 n.12 (N.D. Ill. Nov. 10, 2003) ("Randall cites directly to the record in its memorandum. This is improper. Parties are to cite to their 56.1 statements of facts, which in turn cite directly to the record."); *Kaupus v. Vill. of Univ. Park*, 2003 WL 22048173, at

*1 n.3 (N.D. Ill. Sept. 2, 2003) ("Pursuant to Local Rule 56.1, in their memoranda parties are supposed to cite to their statements of undisputed facts or responses, not directly to the record."); *Malec v. Klatzco*, 101 F. Supp. 2d 1066, 1071 n.3 (N.D. Ill. 2000) (same); *Malec v. Sanford*, 191 F.R.D. 581, 586 (N.D. Ill. 2000) ("Citations in the fact section should be to the 56.1(a) or (b) statement of facts only, … [not] directly to pieces of the record ….").

It is not the undersigned's ordinary practice to string-cite three pages of decisions that stand for the same proposition. An exception is made in this instance given Defendants' suggestion that the undersigned's interpretation of Local Rule 56.1 is idiosyncratic and novel. As the above-cited decisions demonstrate, it is neither. Authors of those decisions include this District's former chief judge, current chief judge, and next chief judge, not to mention appointees of the last four two-term Presidents. In fact, the requirement that parties cite Local Rule 56.1 statements and responses rather than directly to record materials was articulated in *the* seminal decision on Local Rule 56.1, *Malec v. Sanford*, which has been cited in over 540 subsequent opinions. Litigants in this District are well aware of that requirement, as confirmed by the fact that nearly all parties moving for or opposing summary judgment, even *pro se* litigants, manage to comply—just as most plaintiffs moving to amend their complaints attach proposed amended pleadings to their motions even though that requirement is set forth in case law interpreting Rule 15(a)(2) rather than expressly in the rule itself. *See Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1197 (7th Cir. 1985).

The point of enforcing this requirement is not create a technical trap for the unwary. Rather, as the court noted in denying summary judgment on the breach issue, where arguments presented in a summary judgment motion are fact-intensive, it is essential to the court's proper consideration of those arguments for the parties to brief their legal and factual positions with

5

reference to the Local Rule 56.1 statements and responses and not to the record materials themselves. Local Rule 56.1 statements and responses establish the bridge between the record and the parties' arguments, and the value of those statements and responses is largely lost if the parties' briefs ignore them and instead cite the record. *See FirstMerit Bank, N.A.*, 2014 WL 6065817, at *5 ("FirstMerit defeats the purpose of Local Rule 56.1 by ignoring and not citing to its Local Rule 56.1 statement in its memorandum of law and, instead referring the Court to the raw underlying exhibits, affidavits, and deposition testimony. That is not how it is done. The Court should not have to read 11 exhibits to FirstMerit's Complaint and eight paragraphs of Snelson's affidavit to determine or even to confirm whether FirstMerit's statement is true. It should be able to go to FirstMerit's Local Rule 56.1 statement of facts and Defendants' responses to that statement to determine whether the relevant facts are contested or uncontested."); *BI3*, 2011 WL 1231156, at *2 ("It also must be noted that in their analysis of the issues the parties failed to cite to the statements of fact required by Local Rule 56.1. Instead they cite directly to various pieces of the record, thus forcing the court to engage in a treasure hunt to discern whether the cited material is disputed. This practice diminishes the utility of the Local Rule 56.1 statements, which are intended to provide the court with a central repository of disputed and undisputed facts which support or detract from the motions for summary judgment."); *Daoust*, 2006 WL 2711844, at *4 ("Citing directly to the record in the memorandum statement of facts, as [the movant] does here, rather than citing to its 56.1(a)(3) statement, negates the purpose of the summary judgment exercise."); *Shaw v. Klinkhamer*, 2005 WL 1651179, at *3 n.1 (N.D. Ill. July 1, 2005) ("[I]t is … unfair for either party to expect the court to spend hours cross-referencing every direct record citation improperly contained in the [parties'] summary judgment brief[s] with those provided in their L.R. 56.1 Statement of Facts.")

(internal quotation marks omitted, alterations in original). Movants who fail to comply can and should expect their motions to be denied. *See Flint v. City of Belvidere*, 791 F.3d 764, 767 (7th Cir. 2015) ("This Court has consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1.") (citing cases).

Contrary to Defendants' submission, *Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394 (7th Cir. 2012), does not undermine this District's consistent interpretation of its own Local Rule 56.1. The district court in *Sojka* granted summary judgment to the defendant on the ground that the plaintiff set forth the facts underlying his tort theories only in his Local Rule 56.1 response and not in his brief. *Id*. at 396. The Seventh Circuit reversed, holding that "[a] litigant need not set out the same facts twice, … in both the statement of facts and accompanying memorandum of law, in order to meet its burden to show that a dispute of fact remains." *Id*. at 398. In so holding, the Seventh Circuit noted that the plaintiff's brief referred to his tort theories. *Ibid*. Unlike Defendants here, the plaintiff in *Sojka* did not violate Local Rule 56.1 by filing a brief citing directly to the record rather than to the Local Rule 56.1 statements. Indeed, a review of the brief itself shows that it cited the Local Rule 56.1 statements, not the record. *Sojka v. Bovis Lend Lease, Inc.*, No. 10 C 1607 (N.D. Ill. Mar. 22, 2011), Dkt. 59.

In the alternative to seeking reconsideration, Defendants seek leave to file a revised, compliant summary judgment motion. That request is granted. As Defendants note, the question whether they breached the lease in the various ways claimed by Mervyn presents issues pertinent not just to summary judgment, but to jury instructions if this case is tried. It would be more efficient to address those questions sooner rather than later and, if Defendants are correct at least in part, the court and the parties could avoid trying unnecessary issues. Accordingly, Defendants

may file a revised summary judgment motion, strictly limited to the question whether they breached the lease, by November 21, 2015.

For the foregoing reasons, Defendants' motion to reconsider is denied, but their request for leave to file a revised summary judgment motion is granted.

November 1, 2015

_____
United States District Judge