**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THOMAS MERVYN,<br><br>                                    Plaintiff,<br><br>      v.<br><br>NELSON WESTERBERG, INC., NEWESCO, INC., NELSON WESTERBERG INTERNATIONAL, INC., and ATLAS VAN LINES, INC.,<br><br>                                    Defendants. | Case No. 11-cv-06594<br><br>Judge Gary E. Feinerman |

**DEFENDANTS' MOTION FOR CLARIFICATION OF THE NOVEMBER 1, 2015**
**ORDER GRANTING LEAVE TO FILE A NEW SUMMARY JUDGMENT MOTION**

Defendants Newesco, Inc. and Atlas Van Lines, Inc. appreciate the Court's willingness to entertain a revised summary judgment motion and believe that doing so will ultimately move this case toward a faster resolution. Defendants respectfully seek clarification of the Court's November 1, 2015 Order granting leave to file the revised motion (Dkt. 339). Specifically, Defendants seek clarification regarding the proper scope of the summary judgment motion.

1. Defendants sought leave to file a revised summary judgment motion on January 30, 2015. Dkt. 277. This Court granted the motion on November 1, 2015, finding that "[i]t would be more efficient to address" whether Defendants "breached the lease in the various ways claimed by Mervyn . . . sooner rather than later and, if Defendants are correct at least in part, the court and the parties could avoid trying unnecessary issues." *Id*. at 7. Accordingly, the Court ordered that "Defendants may file a revised summary judgment motion, strictly limited to the question whether they breached the lease." *Id*. at 7-8.

2. Defendants therefore intend to include the following arguments in the summary judgment motion:

*First*, Defendants intend to address their affirmative defenses, which were raised and argued in their initial motion. The affirmative defenses directly bear on the ultimate question of whether Plaintiff may recover for any alleged breach of the leases. Addressing those affirmative defenses now would assist "the court and the parties" in removing "unnecessary issues" from the case, Dkt. 339 at 7, and thus logically would advance the purposes the Court identified in allowing a revised summary judgment motion on the contractual claims.

*Second*, Defendants intend to address theories of breach or other alleged wrongs not raised by Plaintiff until after Defendants' previous motion for summary judgment had been filed. These claims are subject to the same basic defenses previously addressed in the prior summary judgment motion. Again, in the interest of removing unnecessary issues and streamlining this case, those issues logically fall within the scope of the Court's Order.

*Third*, since initially briefing the summary judgment motion, both Defendants and Plaintiff have further shaped and refined their legal arguments. Those interactions have enabled Defendants to obtain a better understanding of how to present the contractual issues for the Court's resolution. Accordingly, in their revised summary judgment motion, Defendants may wish to flesh out the explanation of various facts with slightly different record citations, cite to different case law, provide further explanations of arguments previously made, and otherwise refine their arguments. To be clear, Defendants would not assert entirely new arguments: The core of the motion would remain the same. The structure of arguments, some of the specific facts called upon, and some of the case citations, however, may be updated.

As with the first two issues for clarification, Defendants believe that permitting revision of the legal arguments will benefit the Court and the parties. The passage of time has sharpened

everyone's view of this case. Permitting the parties to incorporate their best arguments will only assist the Court in reaching a determination that brings this case closer to its ultimate resolution.

3. Since the Court granted Defendants' motion on November 1, Defendants have been working on a revised summary judgment motion consistent with the approach described in paragraph 2 on the belief that it is consistent with the Court's Order. Defendants, however, seek the Court's confirmation that such approach is consistent with the Court's intended scope of its Order.

Dated:   Chicago, Illinois
         November 12, 2015                          Respectfully submitted,


                                                      /s/David H. Levitt
                                                    David H. Levitt
                                                    Steven M. Puiszis
                                                    Hinshaw & Culbertson LLP
                                                    222 N. LaSalle, Suite 300
                                                    Chicago, IL 60601
                                                    (312) 704-3000

                                                    *Attorneys for Defendants Newesco, Inc.
                                                    and Atlas Van Lines, Inc.*